IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DWAYNE M. WOODSON**,

**Plaintiff,**

**v.**

**PATRICIA LUERS,**
**et al.,**

**Defendants.**                                                                     No. 07-0434-DRH

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court are two motions to dismiss based on the statute of limitations (Docs. 13 & 21) which Magistrate Judge Frazier converted to summary judgment motions (Docs. 20 & 22). Woodson opposes the motions (Doc. 26). Based on the following, the Court grants in part and denies in part the motions.

On June 15, 2007, Dwayne Woodson, an inmate at the Menard Correctional Center, filed suit against Patricia Luers, Anthony Ramos, Correctional Officer Junge and Tyone Murray for deprivations of his constitutional rights pursuant to 42 U.S.C. § 19823 (Doc. 1). On April 4, 2009, the Court conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A (Doc. 5). Woodson's complaint alleges that Defendants Luers, Ramos, Junge and Murray retaliated against him because he filed a lawsuit, he challenged prison conditions and

because he filed grievances. Specifically, he claims that Defendants issued him a false disciplinary report, found him guilty of the violation and punished him for the violation. He also claims that Defendants retaliated against him by intercepting and altering his grievances which caused them to be denied.

On July 21, 2009 and on September 9, 2009, Defendants filed motions to dismiss arguing that two of the three incidents in Woodson's complaint are barred by the two year statute of limitations. Woodson opposes the motion arguing that under the continuing violation doctrine his claims are timely. On February 18, 2010, the Court held a hearing on the motions and took the matter under advisement. Based on the oral argument, applicable law and the pleadings, the Court rules as follows.

## II. Analysis

**42 U.S.C. § 1983** does not contain a statute of limitations. The statute of limitations for claims under Section 1983 is the statute of limitations for personal injury torts in the state in which the cause of action arose. **See Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)**. Woodson's cause of action arose entirely in the state of Illinois where the statute of limitations for personal injury actions is two years. **See 735 ILCS 5/13-202**.

The statute of limitations period is tolled while an inmate completes the

administrative grievance process. ***Johnson v. Riveria*, 272 F.3d 519 (7th Cir. 2001)**. Further, the limitations period does not start running until plaintiff's claim for relief accrues. That date is based on federal law. ***Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)**. Federal claims accrue when the plaintiff knows or has reason to know about the injury that forms the basis of his cause of action. ***Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)**.

Defendants assert that some of Plaintiff's claims occurred prior to June 17, 2005 and, thus, are barred by the two year statute of limitations period. First, Defendants argue that Woodson's March 31, 2005 claim of retaliation against Defendants is barred by the two year statute of limitations. Particularly, Defendants argue that even though the statute of limitations was tolled for 27 days (from May 21, 2005 to June 17, 2005) while Woodson was completing the administrative grievance process, this claim is time barred. The Court agrees that the claim is time barred.

Here, the alleged incident of retaliation occurred on March 31, 2005. However, the statute of limitations does not begin to run until Woodson knew or had reason to know that he was a victim of this retaliatory event – when he was punished on the basis of the false disciplinary report. This aspect of his retaliation claim arose on April 19, 2005, the date that he received the Adjustment Committee's report. Thereafter, Woodson initiated the grievance procedure on this claim on May 21, 2005. On June 17, 2005, grievance officer Murray rejected his grievance as untimely on June 17, 2005. Thus, the statute of limitations was tolled from May 21, 2005 to

June 17, 2005.  By the Court's calculation, Woodson's lawsuit on this claim should have been filed on or about May 17, 2007.  His suit was not filed until June 15, 2007 and this claim is untimely.

As to Woodson's argument that this is an ongoing violation, the Court does not agree.  Woodson argues that the continuing violation applies because Defendants' acts and omissions were part of an ongoing scheme that began on or about March 31, 2005, with the last act and omission occurring on June 17, 2005 by Defendant Murray.  However, that is not at all what the continuing violations doctrine means.  Merely because the violation is ongoing does not allow a plaintiff to reach back to breath life into otherwise untimely claims.  Instead, a "violation is called 'continuing' ... when it would it would be unreasonable to require or even permit [a plaintiff] to sue separately over every incident of the defendant's unlawful conduct." **Heard v. Sheahan**, **253 F.3d 316, 319 (7th Cir. 2001)**.  In other words, the continuing violation doctrine applies when the unlawfulness of defendant's actions becomes apparent only after the cumulation of a series of related events; it does not apply to a series of related, but discrete, discriminatory acts.  **Clark v. City of Braidwood**, **318 F.3d 764, 767 (7th Cir. 2003); Tinner v. United Ins. Co. of Am.**, **308 F.3d 697, 708-09 (7th Cir. 2002)**.  As the Supreme Court explained, each discrete, discriminatory act is a fresh wrong, and "discrete acts that fall within the statutory times period do not make timely acts that fall outside the time period.  **National R.R. Passenger Corp. v. Morgan**, **122 S.Ct. 2061, 2071 (2002)**.

"[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* **at 2072**. Here the Court finds that the alleged claims of retaliation are separate and distinct acts. ***See Palmer v. Board of Education*, 46 F.3d 682, 686 (7th Cir. 1995);** *Webb v. Indiana National Bank***, 931 F.2d 434, 438 (7th Cir. 1991);** *Morton's Market, Inc. v. Gustafson's Dairy, Inc.***, 198 F.3d 823, 828 (11th Cir.1999);** *Kuhnle Bros., Inc. v. County of Geauga***, 103 F.3d 516, 522-23 (6th Cir.1997)**.

Defendants also argue that Woodson's June 7, 2005 claim that Ramos altered his grievance is barred as this claim accrued on June 7, 2005. The Court does not agree. Here, the record shows that Woodson knew or had reasons to know that he was a victim of the June 7, 2005 incident when he learned that his grievance had been delayed and rejected as untimely on June 17, 2005. Thus, the aspect of this retaliation claim accrued on June 17, 2005. This claim is timely as Woodson's complaint was filed on June 15, 2007.

### III. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants motions to dismiss which have been converted to summary judgment (Docs. 13 & 21). The Court **GRANTS** the motion as to Plaintiff's claim that on March 31, 2005, Defendants retaliated against him by filing a false disciplinary report. This March 31, 2005 incident is time barred by the applicable statute of limitations. The Court **DENIES** the motion as to the June 7, 2005 incident in which Plaintiff claims

that Defendant Romas altered the grievance.  The Court enters judgment in favor of Defendants Patricia Luers Stewart, Mark Junge, Tyone Murray and Anthony Ramos and against Dwayne Woodson on the March 31, 2005 incident.  The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the close of the case.

**IT IS SO ORDERED.**

Signed this 19th day of February, 2009.

/s/  David R Herndon
**Chief Judge**
**United States District Court**