# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWAYNE M. WOODSON, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 07-cv-434-DRH-PMF |
| PATRICIA LUERS, ANTHONY RAMOS, JUNGE, and TYRONE MURRAY, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 28). Plaintiff is confined at Menard Correctional Center. He filed this § 1983 suit, alleging that he was subjected to retaliatory disciplinary action in March and April, 2005. Plaintiff further claims that the retaliatory conduct continued into May and June, 2005, when his efforts to pursue an administrative remedy were disrupted.. Recently, a portion of the retaliation claim (based on the conduct in March, 2005), was dismissed as barred by the applicable statute of limitations (Doc. No. 32). As to plaintiff's remaining retaliation claims, the defendants assert the affirmative defense that plaintiff failed to exhaust his administrative remedies.

Plaintiff was notified of the possible adverse consequences if he failed to respond to the summary judgment motion (Doc. No. 29). His response, due January 4, 2010, was not filed. On February 23, 2010, a show cause order was issued, extending the response time to March 12, 2010. Plaintiff was advised that his failure to comply with the show cause order would be construed as an admission to the merit of the arguments raised in the summary judgment motion (Doc. No. 33).

Because a timely response is not on file, the defendants' summary judgment motion is deemed admitted. SDIL-LR- 7.1(c).

A prisoner must exhaust all available administrative remedies before he can bring a civil-rights action in federal court challenging any aspect of prison life. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir.2008). The grievance process for prisoners in Illinois usually includes five levels of review. A prisoner first submits a grievance to a counselor. If the prisoner is not satisfied with the counselor's resolution of the complaint, he may then submit a formal grievance to the grievance officer. The grievance officer then reviews the grievance and forwards his or her recommendation to the warden. The warden makes the final decision at the institutional level. If the prisoner is not satisfied with the warden's decision, he may file an appeal to the Director. Those appeals are to be addressed by the Administrative Review Board (ARB). The Director issues the Department's final decision. 20 Ill. Admin. Code §§ 504.810, 504.830, 504.850.

Brian Fairchild is a chairperson for the ARB. He searched the ARB's records and could not locate grievances from plaintiff on the issues raised in this case (Doc. No. 28-1, pp. 4-7). Because the motion has been deemed admitted, a hearing to resolve possible factual issues has not been scheduled. *See Pavey v Conley*, 544 F.3d 739 (7th Cir. 2008).

IT IS RECOMMENDED that defendants' motion (Doc. No. 28) be GRANTED. Plaintiff's remaining retaliation claims should be dismissed with prejudice for failure to exhaust administrative remedies. If this recommendation is adopted, no claims will remain for decision.

**SUBMITTED:**   March 24, 2010   .

   S/ Philip M. Frazier  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**