IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DWAYNE M. WOODSON**,

**Plaintiff,**

**v.**

**PATRICIA LUERS,**
**et al.,**

**Defendants.**                                                              No. 07-0434-DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On June 15, 2007, Dwayne Woodson, an inmate at the Menard Correctional Center, filed suit against Patricia Luers, Anthony Ramos, Correctional Officer Junge and Tyone Murray for deprivations of his constitutional rights pursuant to 42 U.S.C. § 19823 (Doc. 1). On April 4, 2009, the Court conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A (Doc. 5). Woodson's complaint alleges that Defendants Luers, Ramos, Junge and Murray retaliated against him because he filed a lawsuit, he challenged prison conditions and because he filed grievances. Specifically, he claims that Defendants issued him a false disciplinary report, found him guilty of the violation and punished him for the violation. He also claims that Defendants retaliated against him by intercepting and altering his grievances which caused them to be denied.

Thereafter on July 13, 2009 and September 9, 2009, Defendants moved

to dismiss Plaintiff's claims (Docs. 13 & 21), which the Court converted to summary judgment motions. On February 18, 2010, the Court held a hearing on Defendants' motions (Doc. 31). The next day, the Court granted in part and denied in part the motions (Doc. 32). The case proceeded as to Plaintiff's remaining retaliation claims.

On March 24, 2010, pursuant to **28 U.S.C. § 636(b)(1)(B)**, United States Magistrate Judge Philip M. Frazier submitted a Report and Recommendation ("the Report") recommending that the Court grant Defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. 36). The Report recommends that the Court find that Plaintiff failed to exhaust his administrative remedies as Plaintiff failed to file a timely response to the motion for summary judgment. The Report states that the Court advised Plaintiff, in a show cause order extending the time to for Plaintiff to respond, that his failure to comply with the show cause order would be construed as an admission of the merits of the arguments raised in the motion.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" by April 12, 2010. To date, none of the parties have filed objections, and the period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Thus, the Court **ADOPTS** the Report in its entirety (Doc. 36). The Court **GRANTS** Defendants' motion for summary judgment (Doc. 28). The Court

**DISMISSES with prejudice** for failure to exhaust administrative remedies Plaintiff's remaining claims.  The Court **DIRECTS** the Court to enter judgment reflecting the same.

        **IT IS SO ORDERED.**

Signed this 15th day of April, 2010.

                                    /s/   DavidRHerndon
                          **Chief Judge**
                          **United States District Court**